Roley v. Crabtree.

---

## Stephen L. Roley v. Louisa Crabtree.

1. LANDLORD AND TENANT—*Tenant Holding Over—Terms of Original Lease Continued.*—Where there is a leasing for a definite time, and the tenant holds over without notice to quit, he holds on the same terms as are provided in the original contract, unless something is shown indicating a change in the covenants of the lease.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

GEO. A. VAN DYKE, attorney for appellant.

DUNDAS & O'HAIR, attorneys for appellee.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This suit was commenced before a justice of the peace of Edgar county, by appellant, to recover of appellee $7.50, one month's rent, for certain apartments rented by him to appellee. Upon a trial in that court, judgment was rendered by the justice in favor of appellant for $7.50. From this judgment an appeal was prosecuted to the Circuit Court of Edgar County by appellee. In that court the case was tried by the court with a jury and the finding was for appellee, and judgment was rendered on the finding by the court for her costs in that behalf expended. The case is brought to this court by appeal to reverse this judgment.

It is conceded by the parties that the appellant rented to appellee certain apartments of his in the second story of a building of his, in the city of Paris, in the State of Illinois, consisting of three rooms, by the month, at a rental of $7.50 per month, without fixing the time that such lease should terminate. It is, however, contended on the part of appellee that appellant agreed at the time of such leasing that he would keep the premises in good repair.

Appellee went into possession of the premises under such leasing October 1, 1891, and continued to occupy the same and pay the rent on the first day of each month, until the first day of July, 1896, at about which time appellant gave her notice that he had determined to terminate the lease, and for her to turn over the property to him. She did not surrender the possession of the premises until the middle of July. This suit is brought to recover the rent for the month of July, 1896. From the record it appears that the appellee testified upon the trial of this case in the Circuit Court, that at the time of making the contract of leasing, that appellant agreed to keep the premises in good repair, and that appellant testified he did not agree to keep them in repair. Their testimony was the only testimony there was upon this subject. It then became the duty and province of the jury to determine which of the parties was cor-

rect, or whose testimony was entitled to the greater weight. This the jury have done. The fact that appellant had such premises repaired and paid for having it done, is a circumstance corroborating appellee's version of this controversy.

It is a well settled rule that a landlord is not bound to make repairs, unless he has expressly agreed to do so in his contract of leasing. This, the jury found by their verdict, he did, and we think their finding is sustained by the evidence.

It is contended by appellant's counsel in cases where there is a renting for a definite period, and the tenant holds over, the only covenants of the lease revived thereby, are those relating to the amount of the rent and the time when to be paid. This claim is not sustained by the authorities cited by counsel. The rule is, where there is a leasing for a definite time, and the tenant holds over without notice to quit, it is on the same terms as the original leasing. It is with the implied consent of the lessor, and impliedly under the same covenants, unless something is shown indicating a change in the covenants of the lease.

Even if the law were as contended by appellant's counsel, it would not affect this case. Here there was no holding over after notice of the termination of the lease or to quit. The leasing in this case was by the month, by the special agreement of the parties, and the landlord could not terminate the tenancy without giving thirty days' notice in writing. This was not done.

It appears from the evidence that at the time of the making of the lease, appellant agreed to keep the premises in good repair. This he failed to do, and in consequence thereof, the roof leaked and the water loosened the plastering, and it fell upon appellee's household furniture and injured the same. In the court below she sought to recoup these damages as to the $7.50 rent, claimed by the appellant, as due for the month of July, 1896. The jury allowed this claim, and in doing so we think they were justified by the evidence.

The judgment of the court below is affirmed.